STATE OF MAINE                                   SUPERIOR COURT
KENNEBEC, ss                                     DOCKET NO. CV-89-88

                                                 *NM - KEN - Wdd/2006*

PAUL BATES, et al.,

          Plaintiff s

v.                                               DECISION

BRENDA HARVEY, et al.,

          Defendants

On July 6, 2006, the Court Master conditionally approved the policy for a tobacco-free environment at the Riverview Psychiatric Center. 7/6/06 Recommended Decision; see Jt. Ex. 2. On July 21, 2006, the plaintiffs filed an objection to the Recommended Decision pursuant to paragraph 295 of the Settlement Agreement. A de novo hearing was held on October 30, 2006.

The parties stipulated that (1) smoking is an addiction that poses a serious health risk and, (2) secondhand smoke poses a health risk to nonsmokers. Jt. Ex. 8, ¶¶ 5-7. A majority of current patients at Riverview (approximately 66) smoke and the great majority of those patients, 85-95%, oppose the proposed policy. Id. at ¶¶ 1, 3, 10. The great majority of the staff, 80-90%, support the proposed policy. Id. at ¶ 10. Many patients identify negative financial and health impacts of smoking. Id. at ¶ 10. If appropriate based on their circumstances, patients at Riverview are permitted multiple free-time breaks and fresh-air breaks during which smoking is permitted. Some patients decline to participate in other activities in order to be able to smoke during these breaks.

Riverview Superintendent David Proffitt noted at the hearing that significant amounts of time and six full-time staff positions are devoted to distributing and

1

collecting smoking materials to patients and monitoring these smoking breaks. Some patients negotiate their participation in treatment by obtaining permission to smoke. Based on his observations and discussions at Riverview, Court Master Daniel Wathen concluded that the operation of the entire hospital is driven by efforts to accommodate smoking breaks and that smoking undermines the effectiveness of this "very expensive operation."

If the policy is implemented, Riverview is prepared to continue to offer nicotine replacement, counseling, support groups, and behavior therapy to assist patients who smoke. In addition, Riverview will be able to provide a smoke-free therapeutic environment. As required by the terms of the Settlement Agreement, education and treatment will be offered, not mandated, pursuant to the policy. See Settlement Agreement, ¶¶ 32(h); 152, 159; Jt. Ex. 2, ¶¶ III(1)(b); III(1)(b)(ii); III(1)(d); III(2)(a)-(c); cf. Pl.'s. Mem. at 6.

The plaintiffs argue that the proposed policy should not be adopted because it violates various terms of the Settlement Agreement. See Settlement Agreement, ¶¶ 32(b), (d), (f), (h)[1]; 134; 139(b); 151; 152; and 159;[2] Pl.'s 10/16/06 Mem. at 4-8.[3] Smoking is not a "need", "right", "activity", "entitlement", or "basic human right" addressed by the

---

[1] Paragraph 32 is part of a section "listing many principles governing administration of a comprehensive mental health system 'to meet class members' needs.'" Bates v. Dep't of Behavioral and Developmental Serv., 2004 ME 154, ¶ 65, 863 A.2d 890, 906-07. These provisions are not a specific mandate. Id., 863 A.2d at 907.

[2] In his order dated 1/30/04, the Court Master declined to approve a proposed policy for a tobacco-free environment at AMHI. He stated that even if a no-smoking policy did not implicate the terms of the Settlement Agreement under ordinary circumstances, "the imposition of a no-smoking policy at a time when the Court-appointed receiver is in charge of the operation of the hospital clearly implicates the terms of the Settlement Agreement." Jt. Ex. 5 at 1-2.

In his order dated 4/18/06, the Court Master stated, "the formation of a smoking policy for patients implicates the terms of the Settlement Agreement and is subject to review and approval by the Court Master." Jt. Ex. 6 at 4. At the time of that order, no proposed smoking policy had been presented to the Court Master. Until he had a policy to review, he presumed that a smoking policy could implicate the provisions of the Settlement Agreement.

[3] Plaintiffs' counsel also identified paragraph 32(a) in correspondence to the Court Master. Jt. Ex. 7 at 1.

Settlement Agreement. See Settlement Agreement, ¶¶ 32(a), (b), (d), (f), (h); 151. 159.[4] Smoking is not part of "the basic rhythm of [the patients'] lives" that must be preserved. See id. at ¶ 151. Neither smoking nor creating a tobacco-free environment constitutes treatment. See id. at ¶¶ 32(h), 152, 159. A tobacco-free environment does not add unacceptable restrictions to the setting or means for treatment. See id. at ¶ 32(d). Adoption of the policy does not violate the cited terms of the Settlement Agreement.

The record shows that the policy is reasonable and its anticipated benefits will outweigh potential costs. As Superintendent Proffitt stated, facilitating smoking at Riverview has a negative effect in an environment where people are encouraged to make healthy choices and try new healthy behaviors.

Many patients desire to continue smoking. One such patient, speaking for many, said that he had to give up many things at Riverview and would not like to give up cigarettes. Dr. Swartz agreed that tobacco addiction is harder to overcome than alcohol or drug addiction. Riverview is prepared to assist those who need and want help in meeting this challenge. It is time for Riverview to join all other hospitals in Maine in providing "a healthy, substance abuse-free treatment environment that promotes health and well-being." Jt. Ex. 2 at I; see Recommended Decision at 2; Jt. Ex. 8, ¶ 9; Jt. Ex. 3.

The entry is

> The Policy for a Tobacco-free Environment at Riverview Psychiatric Center, Joint Exhibit 2, is APPROVED with the conditions specified in the Court Master's Recommended Decision dated July 6, 2006.

Date: November 22, 2006

Nancy Mills
Justice, Superior Court

---

[4]     Paragraph 134 addresses the adequacy of storage space. Paragraph 139 addresses any smoking areas. Settlement Agreement, ¶¶ 134; 139(b).

Date Filed __2/27/89__     Kennebec County     Docket No. __CV89-88__

COURT MASTER: DANIEL WATHEN

Action __80C__

SPECIAL ASSIGNMENT:
~~Chief Justice Brody~~
~~Justice Chandler~~
JUSTICE MILLS

289-7264

~~Helen Hershkoff,Esq.~~
~~Assoc. Lgl. Dir. A.C.L.U.~~
~~132 W 43rd St., N.Y.N.Y. 10036~~

- Peter Darvin, Esq.(Conners)
178 MIDDLE ST SUITE 402 . Portland 04101
Paul Bates, et als    ~~John A. Powell~~, vs.
~~Lgl.Dir. Esq.~~

Susan Parker, Dr. Walter Konm ana
H. Rollin Ives

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ~~ACLU 132 W 43rd St.;~~ ~~N.Y.N.Y. 10036~~ ~~Richard M. Goldman,Esq.~~ (Wrendy Haynes) ~~37 Green St.~~ ~~Augusta, Me. 04330~~ ~~Neville Woodruff,Esq.~~ (Horning) ~~Lgl. Serv. for Elderly~~ ~~P.O. Box 2723 98 Court~~ ~~Augusta, Me. 04330~~ Auburn, ME (Haynes)04210 | - Katherine Greason,AAG - Phyllis Gardiner, AAG. State House Station #6 Augusta, ME 04333 -Carmen L. Coulombe,AAG - State House Sta. # 6 Augusta, Me. 04333 - Helen Bailey Esq. PO Box 2007 Augusta Me 04338 |

| Date of Entry | |
|---|---|
| 2/27/89 | Complaint filed. s/Goldman,Esq. |
| 3/6/89 | Acceptance of service filed. Served on Susan Parker,Comm. of Mental Health accepted by Cabanne Howard,AAG on 3/2/89. |
| 3/8/89 | Entry of appearance filed. s/Woodruff,Esq. |
| 3/9/89 | Motion to specify course of proceedings and memorandum in support thereof filed. s/Goldman,Esq. |
| 3/13/89 | Motion for enlargement of time filed. s/Howard,AAG. |
| 3/14/89 | Motion for enlargement of time is Granted. Defendants shall have until April 21, 1989 to file their responsive pleading. s/Lipez, J. Copies to attorneys. |
| 3/28/89 | Notice of Setting issued for conference of counsel on 4/7/89 at 1:00 p.m. |
| 4/3/89 | Motion for Class Certification filed. s/Goldman, Esq. |
| 4/3/89 | Affidavit of Richard Estabrook filed. s/Goldman, Esq. |
| 4/3/89 | Plaintiffs' Memorandum of Law in Support of Motion for Certification of Plaintff Class filed. s/Goldman, Esq. |
| 4/14/89 | Proposed Order specifying course of proceedings filed. s/Goldman,Esq. |
| 4/18/89 | Answer of Defendants filed. s/Crawford, AAG. |
| 4/26/89 | On 4/24/89, Order Specifying Future Course of Proceedings filed. s/Brody, C.J. Copies to attorneys. |